## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARTINA CAMPBELL** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO.** |
| **VERSUS** | * | |
| | * | **JURY TRIAL** |
| **WALMART, INC., D/B/A WALMART SUPERCENTER** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **NOTICE OF REMOVAL**

**TO:**  The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

Defendant, Walmart Inc., files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 and hereby removes this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. Plaintiff filed her Petition for Damages on August 25, 2022, against Walmart Inc. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Walmart was served through its agent for service of process, C.T. Corporation, with a copy of the Citation and Petition on September 1, 2022. (*See* CT Corporation Service of Process Transmittal Notice and Citation attached hereto and marked for identification as Exhibit "B.")

3. The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by Plaintiff due to an incident at the Walmart Supercenter #428 located in Zachary, Louisiana, on October 2, 2021.

4.   Plaintiff's Petition for Damages is silent as to the amount in controversy.

5.   In Paragraph 8 of Plaintiff's Petition, Plaintiff alleges that as a result of her incident at Walmart, she has suffered injuries, including, but not limited to, injuries to her right foot, right elbow, lower back, both hands, and both knees; however, the petition does not describe the extent of these injuries.

6.   In Paragraph 9 of Plaintiff's Petition, Plaintiff alleges typical non-exclusive elements of damage as follows:

   A.   Pain and suffering (past, present and future);

   B.   Mental anguish and emotional distress;

   C.   Loss of enjoyment of life;

   D.   Medical expenses (past, present and future); and,

   E.   Any and all other damages to be set forth at the time of trial of this matter.

7.   Walmart filed its Answer to Petition for Damages, Request for Notice and Jury Order on October 25, 2022 (*See* Answer to Petition for Damages, Request for Notice and Jury Order, attached hereto *in globo* as Exhibit C). At the same time, Walmart submitted Interrogatories, Requests for Admissions, and Requests for Production of Documents to the Plaintiff.

8.   On January 13, 2023, Plaintiff answered Walmart's Interrogatories, Requests for Production of Documents, and Request for Admissions, and denied that her damages do not exceed the sum of $75,000. (*See* Plaintiff's Responses to Walmart's Interrogatories, Requests for Production of Documents, and Request for Admissions attached hereto as Exhibit "D").

9.   Plaintiff also responded to Walmart's Interrogatories and Requests for

Production of Documents, wherein she alleges that she is still treating for the injuries that she claims she sustained at Walmart. (*See* Plaintiff's Responses to Walmart's Interrogatories, Requests for Production of Documents, and Request for Admissions attached hereto as Exhibit "D").

10.    Plaintiff produced some medical records from the Baton Rouge Orthopedic Clinic where she is treating with Dr. Ferachi for complaints back pain, knee pain and elbow pain. Dr. Ferachi's initial diagnosis was lumbar strain and lumbar radiculopathy, He ordered physical therapy and medication management. Plaintiff had physical therapy but she was still symptomatic. She then had an MRI of the lumbar spine and a diagnosis of lumbar degenerative disc disease was made. Plaintiff was referred to Dr. Gremillion, a pain management doctor, for spinal injections. Plaintiff had a series of epidural steroid injections at L5-S1. Sacroiliac injections were also ordered, but the records received with Plaintiff's discovery responses do not indicate whether the injections were approved by the plaintiff's worker's compensation carrier. Dr. Ferachi also referred Plaintiff to one of his partners for her knee and elbow complaints, but the records were not produced in discovery.

11.    Plaintiff also produced in discovery an itemization from her employer's workers compensation carrier showing weekly indemnity payments through August 1, 2022 of $31,949.00, plus medical expenses through August 2, 2022 of $13,116.98, for a total of $45,065.98.

I.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

12.    28 U.S.C. § 1332 provides federal district courts with concurrent original

jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

13. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

14. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

15. The basis for removal is Plaintiff's discovery responses received on January 13, 2023. In the response to Requests for Admissions, Plaintiff denies that her damages are less than $75,000.00. Additionally, she produced records showing that as of August 2, 2022, her workers' comp carrier had paid $13,116.98 in medical payments, and $31,949.00 in weekly indemnity payments, for a total of $45,065.98, and she has continued to receive treatment.

16. While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-

FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. COMPLETE DIVERSITY

17. Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, and it is a publicly held company.

18. Plaintiff is a resident of and domiciled in the Parish of East Baton Rouge, State of Louisiana.

19. Accordingly, there is complete diversity of citizenship between the Plaintiff and the defendant.

20. This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### II. WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

21. Walmart was served with the petition through its agent for service of process, C.T. Corporation Systems, on September 1, 2022.

22. Plaintiff's Petition for Damages is silent as to the value of Plaintiff's damages and/or the amount in controversy.

23. This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart of a copy of Plaintiff's Responses to Walmart's Interrogatories, Requests for Production of Documents, and Request for Admissions setting forth that the

amount in controversy exceed the minimum jurisdictional amount for removal, and therefore, it is timely under 28 U.S.C. § 1446(b).

24. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

25. The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

26. No previous application has been made by Walmart in this case for the relief requested herein.

27. Pursuant to 28 U.S.C. § 1446(a), a copy of the petition is attached hereto as Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff, and a copy is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

28. Petitioner, Walmart Inc., desires and is entitled to **trial by jury** of all issues herein

WHEREFORE, defendant, Walmart Inc., hereby removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/ Isidro René DeRojas*
**ISIDRO RENÉ DEROJAS (#18182)**
**CHRISTOPHER JAMES-LOMAX (#37174)**
**MELANIE H. MELASKY (#37794)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone:   (504) 831-0946
Email:          ird@mcsalaw.com
                    cjl@mcsalaw.com
                    mhm@mcsalaw.com
***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 31st day of January, 2023.

*/s/ Isidro René DeRojas*